O

✔ JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEONEL B. MANCILLAS,[1]<br><br>           Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | No. CV 05-4739 FFM<br><br>MEMORANDUM OPINION;<br>ORDER THEREON |

      Plaintiff filed a complaint on June 29, 2005, seeking review of the Commissioner's denial of Plaintiff's applications for social security disability insurance benefits and supplemental security income payments.[2] In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on April 14, 2006. Thus, this matter is now ready for decision.

      This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

---

      [1]Plaintiff is also known as Leonel Becerra. (AR 98, 116, 172).

      [2]The SSI application is not in the Administrative Record. (AR 3).

## PROCEDURAL HISTORY

Plaintiff was, at the time of the decision, a thirty-five year old individual with a Ninth grade education in Mexico, with limited English abilities. Plaintiff's past relevant work included work as a cloth spreader, automobile brake riveter, and carrier/loader. (AR 17, 19, 29, 64, 96). He protectively filed his applications on April 30, 2002 (AR 3, 16), alleging inability to work since August 24, 2001 (AR 96, 108), due to a severe low back injury and pain and weakness in the right shoulder, arm, leg and ribs (AR 108). He said that he could not stand for very long, that he could only walk about fifteen minutes without pain, and that he could only sit for one hour without pain. (*Id*.). His applications were denied at the initial and reconsideration levels, and a hearing before an Administrative Law Judge ("ALJ") was held on September 11, 2003, pursuant to Plaintiff's request. (AR 26-73). By decision dated May 13, 2004, the ALJ found that Plaintiff was disabled for the period August 24, 2001, through July 28, 2003, but not thereafter. (AR 21). Plaintiff sought review by the Appeals Council, protesting that portion of the ALJ's decision which found that he was no longer disabled as of July 29, 2003 (AR 11). The Appeals Council denied his request for review making the decision of the ALJ the final decision of the Commissioner. (AR 5-8).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as the grounds for reversal and or remand are as follows:

1) Whether there should have been a fully favorable decision for ongoing benefits rather than for a closed period of disability;

2) Whether the ALJ properly evaluated Plaintiff's subjective complaints under SSR 96-7p;

3) Whether there was proper questioning of the vocational expert and proper evaluation of the vocational expert's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### Substantial evidence supports the ALJ's finding of a closed period only.

Plaintiff contends that there is substantial evidence that he is more disabled now [than at the time of surgery]. (Joint Stipulation ("JS") 5). However, as Defendant notes, the issue is not whether another trier-of-fact would have found differently, but whether substantial evidence supports the ALJ's interpretation of the evidence. (JS 7).

In finding as he did, the ALJ cited the testimony of the medical advisor, Dr. Gwilym Lewis, along with the more recent x-ray findings of July, 2003, which indicated improvement in Plaintiff's back condition following surgery in August, 2002. (AR 18-19). He also noted the findings of the consultative examiner, who, in January, 2003, five months after the surgery, found that the only significant abnormality was in the loss of range of motion, which, according to the medical expert, was to be expected. The consultative examiner concluded that by then Plaintiff was capable of light work. (AR

18; *see* AR 271-73; *compare* AR 176, pre-surgical neurological findings).

Plaintiff relies on Dr. Lewis's testimony as supporting his contentions. Dr. Lewis testified that Plaintiff's condition met Listing 1.04 at the time of surgery. Plaintiff argues that this entitles him to a presumption of ongoing disability in the absence of evidence of improvement (JS 5). In arguing that his disability continues, Plaintiff cites Dr. Lewis's testimony that he did not know Plaintiff's present condition and that the surgery was not successful. (JS 4-5). However, Dr. Lewis testified that he was unable to state Plaintiff's current condition only because there was nothing in the medical record to support Plaintiff's testimony regarding his hand and stomach. (AR 52). Further, Dr. Lewis understood that Plaintiff was going to submit further diagnostic studies (AR 53), which, although promised along with updated treatment notes, were never submitted to the ALJ (AR 28). Dr. Lewis also indicated that the surgery might not have been successful only with respect to the pars defect suggested in the July, 2003, x-ray (AR 55; *see* AR 287). However, Plaintiff underwent multiple procedures during the course of the surgery (AR 50) to correct multiple problems other than the pars defect, including a herniated disk, spinal stenosis and right radiculopathy (AR 172, 173). Dr. Lewis testified that, based upon the consultative examiner's report, Plaintiff had a good surgical result. (AR 53). The ALJ's interpretation of the evidence, therefore, that there was improvement following surgery was reasonable and entitled to deference. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld.").

**The ALJ's properly evaluated Plaintiff's subjective symptoms under SSR 96-7p.**

At the hearing, in addition to his complaints involving his back and legs, Plaintiff complained of multiple problems including to his hands and his stomach. (AR 30, 33-34, 44-45). However, the ALJ was free to disregard those symptoms unrelated to Plaintiff's back and legs, which were the only medically determinable impairments established. (AR 21). *Bunnell v. Sullivan,* 947 F.2d 341, 347-48 (9th Cir. 1991). As to the back and leg impairment, once Plaintiff established by objective evidence the existence of a medically

4

determinable impairment which may reasonably account for the subjective symptoms alleged, although not necessarily the degree alleged, the ALJ was required to cite clear and convincing reasons, in the absence of evidence of malingering, before rejecting the symptom allegations. *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff argues that the ALJ's evaluation of his subjective complaints is faulty because the ALJ failed to consider, under SSR 96-7p, the location, duration, frequency, and intensity of his pain and the factors which precipitate or aggravate his symptoms. Plaintiff cited his own testimony, his prior statements, and the description of his pain from Phoenix Pain Medicine to support his contentions. While SSR 96-7p requires consideration of various factors in assessing credibility, nowhere does it require that the ALJ discuss and analyze each of the factors in the decision. The record of the hearing shows that the ALJ realized the particular importance of Plaintiff's testimony concerning his limitations in light of Dr. Lewis' opinions and the reported improvement by his own treating doctor (AR 59; *see* AR 196-99). At the urging of the ALJ (AR 59), additional testimony was taken by Plaintiff's counsel to address the above factors (AR 61-63) and to supplement Plaintiff's prior testimony (AR 30-31, 43-46).

However, the ALJ rejected Plaintiff's statements for the period after July 28, 2003, as not credible, providing clear and convincing reasons for doing so. For example, as Defendant notes, the ALJ observed that despite complaints of pain in multiple parts of his body, Plaintiff testified that he was only taking Tylenol.[3] (JS 10; AR 18, 32). The ALJ also noted that there are no treatment records after July, 2003. (AR 19). Minimal treatment and types of medication required to alleviate pain are both legitimate factors in assessing credibility. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989); *Osenbrock,* 240 F.3d at 1166. In fact, there are no actual treatment records, other than the July, 2003, x-

---

[3]Although Plaintiff attributes this to stomach problems, there is no evidence of any significant side effects or evidence of any stomach problems. (AR 33, 52). *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164, 1166 (9th Cir. 2001).

1 ray (and a 2004 x-ray submitted to the Appeals Council), after November, 2002.  In that
2 report, the treating surgeon, Mehdi Habibi, indicated general improvement, noting
3 ongoing complaints of back pain with no radicular pain and normal neurological findings,
4 except for positive right straight leg raising improved to 80/80.  Range of motion was
5 also increasing.  (AR 196).

6       Finally, the ALJ cited the lack of objective findings to support the level of pain
7 alleged and the opinions of the consultative examiner and the medical expert.  (AR 19).
8 *Bunnell*, 947 F.2d at 345 (although the lack of objective findings cannot be the sole
9 reason to disregard subjective complaints, it is one of the factors to be considered);
10 *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (the ALJ may consider, *inter alia*,
11 "testimony from physicians and third parties concerning the nature, severity, and effect of
12 the symptoms of which [claimant] complains.").

13       As to Plaintiff's prior statements and the records of Phoenix Pain Management
14 cited by Plaintiff, these predate the surgery and cover a time period for which Plaintiff's
15 credibility is not at issue (AR 18; AR 137-39, 149-57).

16 **There was no error in the ALJ's questioning of the vocational expert or evaluation**
17 **of his testimony.**

18       The ALJ found in his Finding No. 8 that:
19       During the closed period from August 24, 2002 through July 28, 2003, the
20       claimant's medical impairments prevented the claimant from performing
21       substantial gainful activity.  The claimant experienced medical improvement
22       and by July 29, 2003, the claimant had regained the residual functional
23       capacity to perform substantial gainful activity.
24 (AR 21).

25       Plaintiff argues that this finding fails to indicate whether Plaintiff would have been
26 able to return to his past work or different work, lighter work, "or just what?"  (JS 13).
27 He argues that questioning of the vocational expert failed to address these issues. (*Id*.).
28 Plaintiff is mistaken.  One of the hypothetical questions posed to the vocational expert

6

specifically posited the residual functional capacity which the ALJ ultimately found. (AR 19, AR 65). Although the ALJ did not specifically ask whether Plaintiff was precluded from his past relevant work, the ALJ was not required to do so. *Miles v. Barnhart*, 374 F.3d 694, 700 (8th Cir. 2004). However, the ALJ did ask whether there were any jobs in the national or regional economy which Plaintiff could perform. The vocational expert named three jobs which did not include any of Plaintiff's past relevant work. (AR 65-66). The ALJ interpreted this to mean that Plaintiff could not return to his past relevant work. (AR 19). If there is error, this error enures to the benefit of Plaintiff and is, therefore, harmless. *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006), citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any "assumptive error did not require reversal because the step was 'resolved in [the claimant's] favor'") and *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (any error during a procedure the ALJ was not required to perform is harmless error). The vocational expert's testimony clearly indicated that even if Plaintiff could not return to his past relevant work, there are other jobs existing in significant numbers which Plaintiff could perform based upon his residual functional capacity and his vocational factors. (AR 20, 65-66). Although the ALJ did not express a finding concerning past relevant work, the decision as a whole clearly indicates that the ALJ considered plaintiff unable to perform his past relevant work. (AR 20). *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001). There was, therefore, no error.

///
///
///
///
///
///
///

## CONCLUSION

7

1    For the reasons set forth above, this Court finds that the Commissioner's decision
2 is supported by substantial evidence and is free of material legal error.  Therefore, the
3 decision of the Commissioner is AFFIRMED.
4    IT IS SO ORDERED.

6 DATED:  November 28, 2006                    /s/ FREDERICK F. MUMM
                                                      FREDERICK F. MUMM
7                                                  United States Magistrate Judge